UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL SAFRAN,

    Plaintiff,

                                    Case No. 08-12366

v.

                                    Honorable Patrick J. Duggan

FRANK DONAGRANDI, L.D.S.
CONTRACTORS INC., and L.D.S.
CONTRACTORS INC. PENSION PLAN,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 27, 2009.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

Paul Safran ("Plaintiff") filed this lawsuit against Frank Donagrandi ("Donagrandi"), L.D.S. Contractors Inc., and L.D.S. Contractors Inc. Pension Plan on June 3, 2008, alleging that they violated their fiduciary duties in their maintenance and administration of a defined contribution pension plan under ERISA. The Court granted summary judgment to Plaintiff in a January 30, 2009, Amended Opinion and Order. Presently pending before the Court is Plaintiff's Motion for Attorney Fees and Interest filed on February 27, 2009. Defendants failed to respond to the motion.

**I. Background**

The facts of this case were set forth in this Court's prior Amended Opinion and Order on January 30, 2009. In that opinion, the Court granted Plaintiff's motion for summary judgment, holding that Donagrandi breached his fiduciary duties imposed by ERISA. *See* 29 U.S.C. § 1001 *et seq.* The Court found Donagrandi personally liable for liquidated plan funds and unpaid contributions in the amount of $56,441.37. Additionally, the Court held that Plaintiff is entitled to interest as provided by law and reasonable attorney fees, subject to Plaintiff's submission of appropriate proofs. In the present motion, Plaintiff sets forth his argument for the applicable interest and reasonable attorney fees.

## II. Prejudgment Interest

Awards of prejudgment interest are permissible under ERISA at the discretion of the district court. *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 616 (6th Cir. 1998). In the event that a court chooses to award prejudgment interest, however, ERISA "does not prescribe the applicable prejudgment interest rate . . . ." *Id.* at 615. Rather, district courts are directed to award interest at a rate that will "simply compensate a beneficiary for the lost interest value of money wrongly withheld" without punishing the fiduciary. *Id.* at 618. Because the appropriate interest rate is a matter of discretion and is also dependent on a number of market variables, there is currently no clear consensus regarding what rate should apply.

In this case, Plaintiff argues that the Court should apply the interest rate provided by Michigan statutory law. *See* Mich. Comp. Law. Ann. § 600.6013(8). During the relevant

time period,[1] the Michigan interest rate ranged between 3.603% and 5.815%. The Sixth Circuit has previously held that "a district court may look to state law for guidance in determining the appropriate prejudgment interest rate." *Ford*, 154 F.3d at 619. In the same case, however, the Sixth Circuit also acknowledged that the Michigan statutory rate is set as "a high prejudgment interest rate not only to ensure that the plaintiff is fully compensated for the delay in receiving money damages, but also 'to compensate the prevailing party for litigation expenses.'" *Id.* at 618 (*quoting Gordon Sel-Way, Inc. v. Spence Bros., Inc.*, 438 Mich. 488, 475 N.W.2d 704, 716 (1991)). In this case, it would be inappropriate for the interest rate to account for litigation expenses because Plaintiff is receiving a separate award of attorney fees. Nonetheless, Plaintiff argues that the Michigan statutory rate has substantially decreased in the years since the Sixth Circuit opinion and asserts that, at current rates, it does not unfairly punish or award litigation expenses.[2]

Courts facing ERISA claims like Plaintiff's have not limited themselves to consideration of state-law interest rates. In the search for an appropriate interest rate that compensates without penalizing, district courts have also resorted to two separate federal statutes that purportedly reflect an objective measure of the value of money: 28 U.S.C. § 1961 and 26 U.S.C. § 6621. *See, e.g., id.* at 616 (affirming the district court's application of 26 U.S.C. § 1961); *Russo v. Unger*, 845 F. Supp. 124, 127 (S.D.N.Y. 1994) (awarding

---

[1] January 1, 2002, to January 30, 2009.

[2] According to *Ford*, the Michigan statutory rate was 12% for the time period relevant to that case. *Ford*, 154 F.3d at 616.

3

prejudgment interest at a rate determined by 26 U.S.C. § 6621(a)(1)).

28 U.S.C. § 1961 allows postjudgment interest on money judgments "at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . ." For the dates relevant to this case, the 52-week United States treasury bill rates were consistently lower than the Michigan statutory rates and ranged from 0.34% to 5.30%.

Meanwhile, 26 U.S.C. § 6621(a)(1) sets the interest rate that applies to tax overpayments. This interest rate is calculated by adding 3% to the "Federal short-term rate." Where a fiduciary--rather than a beneficiary--sues an employer under ERISA for unpaid contributions and the contribution plan fails to specify an applicable interest rate, 29 U.S.C. § 1132(g)(2) directs courts to award interest on the unpaid contributions in an amount determined by 26 U.S.C. § 6621. For the dates relevant to this case, the rates provided by 26 U.S.C. § 6621(a)(1)[3] consistently exceeded the Michigan statutory rates and ranged from 4.00% to 8.00%.

As noted above, Plaintiff argues that the Court should apply the Michigan statutory interest rate and calculates the interest owing thereunder to be $13,534.03. Donagrandi has not responded to Plaintiff's motion. Because Donagrandi fails to argue that the Michigan statutory interest rate would over-compensate Plaintiff,[4] and because the Court's independent analysis has revealed that the Michigan statutory interest rate falls

---

[3]26 U.S.C. § 6621 actually provides for different interest rates depending on circumstances related to tax filings. For a cogent discussion about why subsection (a)(1) should be used in the ERISA context, *see Russo v. Unger*, 845 F. Supp. 124, 126-27 (S.D.N.Y. 1994).

[4]*See United States v. Mason Tenders Dist. Council of Greater N.Y.*, 909 F. Supp. 891, 895 (S.D.N.Y. 1995) (discussing a defendants burden to offer evidence showing that a plan would not have earned interest at the rate suggested by the plaintiff).

between the rates provided by two federal statutes deemed to provide an objective measure of the value of money, the Court concludes that application of the Michigan statutory interest rate in this case will fairly compensate Plaintiff without impermissibly punishing Donagrandi. Therefore, the Court grants Plaintiff's motion for interest in the amount requested.

## III. Attorney Fees

This Court previously determined that an award of attorney fees to Plaintiff is appropriate pursuant to 29 U.S.C. §1132(g)(1) but ordered that Plaintiff submit evidence to establish reasonable fees in this case. (Amended Opinion and Order, January 30, 2009, at 8-9.) The Court must apply the "lodestar" approach in determining the amount of attorney fees that should be awarded to Plaintiff, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his or her court-ascertained reasonable hourly rate. *See Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). Plaintiff's motion seeks attorney fees based on the following rates and hours:

| | | |
|---|---|---|
| David Hess, Senior Attorney | $300/hr | 11.3 hours |
| Blair Hess, Attorney | $200/hr | 87.5 hours |
| Melissa M. Boldt, Paralegal | $90/hr | 28.5 hours |

(Pl.'s Mot. ¶¶ 9-11.) To account for possibly redundant work between the attorneys and paralegal, Plaintiff then reduced his attorney fee request by 15%. Plaintiff's total request for attorney fees amounts to $19,936.75.[5] Attached to Plaintiff's motion is an affidavit by

---

[5]The conclusion in Plaintiff's brief actually requests attorney fees in the amount of $22,226.91. Nonetheless, the affidavit of Blair Hess, the attached records, and the independent

5

Blair Hess and detailed records of the hours expended during this litigation. (*Id.* Exs. A-C.)

Defendant has not challenged the reasonableness of the rates charged or hours spent on this litigation by Plaintiff's counsel and the Court finds those rates and hours reasonable based on the supporting documents submitted by Plaintiff. The Court also accepts as reasonable Plaintiff's proposal to reduce the total fees requested by 15% and awards Plaintiff $19,936.75 in attorney fees.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorney Fees and Interest is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $13,534.03 in interest and $19,936.75 for attorney fees.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
David M. Hess, Esq.
Thomas C. Nemes, Esq.

---

calculations of the Court--using the rates, hours, and 15% reduction argued by Plaintiff--reveal that the actual request is for $19,936.75.